UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TolTest, Inc.,

       Plaintiff,

v.                                   Case No. 07-15193

North American Specialty Insurance       Honorable Sean F. Cox
Company,

       Defendant.

_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
## AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND MOTION TO AMEND

This matter is currently before the Court on: 1) Defendant's Motion for Summary

Judgment; 2) Plaintiff's Motion for Summary Judgment; and 3) Plaintiff's Motion for Leave to

File An Amended Complaint.  For the reasons below, the Court concludes that Plaintiff's claims

in this action are barred by the doctrine of res judicata and that they are compulsory

counterclaims that had to be raised in Case No. 07-10950.  Thus, the Court shall GRANT

Defendant's Motion for Summary Judgment and DENY Plaintiff's Motion for Summary

Judgment and Motion to Amend.

BACKGROUND

Case No. 07-10950:

Case 07-10950 involved a dispute between a contractor, Defendant TolTest, Inc.

("TolTest"), and its sub-contractor, Acme Contracting, Inc. ("Acme"), over work performed on a

1

multi-phased construction project at the Georgia Tech Nanotechnology Research Center in

Atlanta, Georgia.

Acme filed the suit against Toltest in state court and the action was removed to this

Court.  Toltest filed an answer to the complaint on March 9, 2007.  (Docket Entry No. 4).  Toltest

and Berkley's affirmative defenses included:

> 10.   Any amount owed by Defendants to Plaintiff, if any, is subsumed by the
>        right of Defendants to a set-off and or recoupment for Plaintiff's
>        incompetent work and failure to fulfill its contractual obligations.

(Docket Entry No. 4 at ¶ 10).  Toltest did not assert any counterclaims in its March 9, 2007

pleading, or at any future date.

On May 5, 2008, this Court issued a written Opinion & Order following a bench trial.

(*Acme Contracting, Inc. v. TolTest, Inc.*, 2008 U.S. Dist. LEXIS 36355 (E.D. Mich. 2008),

hereinafter the "District Court Opinion").  This Court ultimately found Toltest, and Berkley

Regional Insurance Company, liable to Acme for damages in the amount of $2,025,330.65.  The

Court's findings of fact and conclusions of law are contained in the District Court Opinion and

need not be repeated here.  Relevant to the motions filed in this case, however, the Court's

factual findings included the following:

> TolTest sent Acme a purchase order for work to be performed under Subcontract
> Number 11000-04.  (Stipulated Facts at P 28).  Acme did not sign that purchase
> order, however, because the ultimate contract that TolTest signed with Whiting-
> Turner, the "04-Contract," had expanded the work that Acme would perform but
> did not provide for any increased compensation to Acme for that work.

(District Court Opinion at *9-10).

<u>Toltest's Suit In Ohio State Court:</u>

On March 13, 2007 – four days after filing its answer in Case No. 07-10950 –  Toltest

2

filed suit against North American Specialty Insurance Company ("NAS") in the Court of

Common Pleas, Lucas County, Ohio.  That action was subsequently removed to the United States

District Court for the Northern District of Ohio (Case No. 07-01114) and was ultimately

dismissed by that court on November 5, 2007, based on lack of personal jurisdiction.

Procedural History In This Action:

Asserting diversity jurisdiction, TolTest, Inc. then filed this action against NAS in this

Court on December 6, 2007, seeking to recover under the bond issued by NAS.   This case was

originally assigned to another judge in this district.  When TolTest filed this action, however,

TolTest identified it as a "companion case" to Case No. 07-10950 (*see* Docket Entry No. 1).[1]

The case was then reassigned to this Court, as a companion case to Case No. 07-10950, on

January 16, 2008. (Docket Entry No. 2).

TolTest's complaint alleges that it "obtained a bid from a potential subcontractor, Acme

Contracting Limited, to perform certain work in connection with grading, shoring and site

utilities work at the Georgia Tech Nanotechnology Research Center.  In reliance upon that bid,

TolTest contracted to perform the work.  Subsequently, Acme failed to carry out its bid and

TolTest was forced to proceed with a different company at a greater cost.  A bid bond issued by

Defendant obligated it to pay TolTest the amount of five (5%) percent of the bid since Acme

Contracting Limited failed to perform under its bid.  The amount due is $75,867.45."  (Pl.'s

_____

[1]The Civil Cover Sheet Form asks the party filing a new action to identify any pending or previous companion cases, and explains that "Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.").  TolTest checked the "Yes" box and listed Case No. 07-10950.

Compl. at ¶¶ 6-7).

NAS filed its answer, and asserted numerous affirmative defenses, on March 17, 2008.

Notably, those affirmative defenses include the following:

> 7.     Plaintiff's claim is barred because it did not enter into a contract with
>        Defendant's Principal, ACME Contracting.
> 8.     Plaintiff's claim is barred because the contract into which Plaintiff
>        attempted to enter with ACME Contracting constituted a counteroffer to
>        ACME's bid, which was not accepted by ACME.
> 9.     Plaintiff's claim is barred because the Bid Bond issued by Defendant
>        covered only the bid submitted by ACME and not the subsequent proposed
>        contract into which Plaintiff attempted to enter.
>        . . . .
> 15.    **Plaintiff's action is barred by the doctrine of res judicata.**
> 16.    **Plaintiff's action is barred because the claims contained in this action
>        were required to be brought against the Principal, ACME
>        Contracting as a compulsory counter-claim in a prior lawsuit, and
>        such claims can be no longer maintained against the Principal or its
>        surety.**

(Docket Entry No. 5)(emphasis added).

On April 22, 2008, this Court issued the Scheduling Order in this matter that provides

that discovery is to close on October 17, 2008, that the deadline for filing motions is November

17, 2008, and trial is set for the months of May/June 2009.  (Docket Entry No. 9).

On May 5, 2008, NAS filed its initial disclosures under Rule 26.  (Docket Entry No. 10).

More than two months later, on July 17, 2008, TolTest filed the instant motion seeking to file an

amended complaint.  TolTest seeks to assert a promissory estoppel claim against Acme in

relation to the bid bond.  Its proposed amended complaint would allege:

> 13.    Acme's bid to TolTest for the "Grading, Shoring, and Site Utilities
>        Package, Trade Contract No. 110004-04" constituted a clear and definite
>        promise to perform the work consistent with the terms, conditions
>        drawings and specifications set forth in the Whiting-Turner Contracting
>        Company Invitation to Bid and Instructions to Bidders dated April 6, 2006.

4

14. Acme should reasonably have expected its bid to induce action of a definite and substantial character on the part of TolTest.

15. TolTest in fact relied on Acme's bid when it submitted its own bid to General Contractor Whiting-Turner.

16. TolTest incurred significant damages in that it was required to self perform and subcontract various aspects of Trade Contract No. 110004-04, aspects that Acme promised to perform; amounting to increased costs and expenses above Acme's bid.

(Acme's Motion to Amend Compl., Ex. 3). The brief filed in support of TolTest's Motion to Amend consists of the following single paragraph:

Plaintiff seeks leave to file an Amended Complaint on ground that since the filing of the original Complaint, new facts have been discovered that are material to this action and necessitate TolTest bringing this action against Acme to recover amounts not covered by the original bid bond action. Specifically, Defendant NAS has raised defenses and turned over documents suggesting that the bid bond it issued on behalf of Acme Contracting, Inc. is insufficient on its facts to cover the losses sustained by TolTest. TolTest therefore seeks to bring a claim for promissory estoppel against Acme, to ensure its damages are sufficiently recovered if proven at trial. Amending the Complaint will not cause prejudice to the parties as the only discovery conducted thus far has been the exchange of initial disclosures under Rule 26(B). For these reasons, Plaintiff respectfully requests leave [to] file a First Amended Complaint.

(Pl.'s Br.). TolTest asserted that it was seeking to assert its claim against Acme based on "newly acquired" documents in this action. When asked to identify such documents, however, TolTest's counsel was unable to identify a single document that was newly acquired. (*See* Tr. of 9/15/08 Hrg.).

On July 21, 2008, NAS filed a Motion for Summary Judgment and a response in opposition to TolTest's motion seeking to amend the complaint. NAS asserts that the requested amendment would be futile, for the reasons set forth in its Motion for Summary Judgment. NAS asserts that "[a]s set forth in that Motion and the accompanying Brief, Plaintiff cannot maintain this action, as it was required to bring it as a compulsory counter claim in the prior action of

*ACME Contracting v. TolTest*, U.S. Dist. Ct., E.D. MI, 2:07-cv-10950.  As set forth in North American Specialty's Motion and Brief for Summary Judgment, which is incorporated herein by reference, TolTest's claims relating to the bid and/or bid bond are barred by the compulsory counterclaim rules, as well as collateral estoppel and res judicata.  Accordingly, this Court should deny Plaintiff's Motion to Amend as it is futile."  (Def.'s Response Br. at 1-2).

Meanwhile, because NAS filed its motion before the close of discovery, TolTest filed a motion requesting that it be allowed to file its response to the Motion for Summary Judgment after discovery had closed.  It also asserted that it had ordered some transcripts of the trial that it believed that it needed for its response, that it had not yet received.  This Court granted the request and issued an order allowing TolTest to file its response to the Summary Judgment motion after the close of discovery.

This Court held a hearing on TolTest's Motion to Amend on September 15, 2008.  Given that the issues raised in TolTest's Motion to Amend essentially mirror those raised in the pending Motion for Summary Judgment, and that the Court had already granted TolTest's request to file its response brief after the close of discovery, the Court adjourned the hearing so that motion could be heard at the same time as NAS's motion for summary judgment.  Toltest later filed its own motion[2] seeking summary judgment.  Thus, there are 3 pending motions in this action:

• <u>Toltest's Motion to Amend</u>, wherein it seeks to add a promissory estoppel claim against Acme;

• <u>NAS's Motion for Summary Judgment</u>, wherein it seeks summary judgment on Toltest's claim on the bid bond on the grounds that: 1) based on factual findings by this Court in

---

[2]TolTest did not file a separate response brief in opposition to NAS's Motion for Summary Judgment.  Its opposition to that motion is contained in the brief in support of its own Motion for Summary Judgment.

6

Case No. 07-10950, Acme was justified in refusing to sign the purchase order proposed by TolTest; 2) based on factual findings by this Court in Case No. 07-10950, because the purchase order offered by TolTest was materially different from the bid submitted by Acme, NAS is not obligated to perform under the bid bond; 3) TolTest's failure to assert its bid bond claim as a compulsory counterclaim in Case No. 07-10950 forever bars TolTest from raising it in another action; 4) this Court's Judgment in Case No. 07-10950 is res judicata in the instant matter; and 5) TolTest is collaterally estopped from asserting its bid claim in the instant matter.

•      <u>TolTest's Motion for Summary Judgment</u>, wherein it seeks summary judgment on its bid bond claim on the grounds that: TolTest accepted Acme's bid, thereby obligating Acme's performance and NAS's liability under the bond is undisputed.

These three motions were heard on March 25, 2009.

ANALYSIS

I.      <u>The Parties' Cross-Motions for Summary Judgment:</u>

NAS seeks summary judgment on several grounds, including that the claims in this action are barred by res judicata and are barred because they are compulsory counterclaims that had to be raised in Case No. 07-10950.  If NAS prevails on either of those grounds, it will be entitled to summary judgment in this action.  Such a finding would also dictate the denial of TolTest's Motion for Summary Judgment.  Thus, these grounds for relief will be considered first.

A.      <u>Is This Action Barred By Res Judicata?</u>

"As this case involves successive diversity actions, federal res judicata principles apply." *Rawe v. Liberty Mutual Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006).

The Sixth Circuit has explained that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.  *Id.*  A four-part test is used to determine whether a subsequent action is barred by the doctrine of res judicata (also referred to as claim preclusion).  The following four elements must

7

be met: 1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent

action between the same parties or their privies; 3) an issue in the subsequent action which was

litigated or which should have been litigated in the prior action; and 4) an identity of the causes

of action.  *Id.*

In opposing NAS's motion for summary judgment, TolTest asserts that this action is not

barred by the doctrine of res judicata.  TolTest does not dispute that elements 1, 2 or 4 are

satisfied.  It asserts, however, that the third element is not satisfied because its bid claim was not

actually litigated in the first proceeding.  (TolTest's Br. at 16-18).

The third element requires that the issue in this subsequent action either "was litigated" or

"should have been litigated in the prior action."  NAS has clearly asserted that the bid bond issue

"should have been litigated" in the prior action.

With respect to this third element, the Sixth Circuit has explained that "what is important

is not whether a party's claim is compulsory, but whether the claim should have been considered

during the prior action."  *Sanders Confectionery Prods., Inc. v. Heller Financial, Inc.*, 973 F.2d

474, 484 (6th Cir. 1992).

The plaintiff in *Wilkins* took the position that although the two cases at issue could have

been litigated in the same action, that does not necessarily mean that they "should have been"

litigated in the same action.  *Wilkins v. Jakeway*, 183 F.3d 528, 532 n.4 (6th Cir. 1999).  The

Sixth Circuit rejected that position, stating:

> We can summarily reject this argument.  First, Wilkins cites to no case law to
> support the above distinction.  Moreover, '[a] final judgment on the merits of an
> action precludes the parties or their privies from relitigating issues that were or
> could have been raised in that action.'  *Federated Dep't Stores, Inc. v. Moitie*, 452
> U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981).

8

*Id.* Thus, *Wilkins* indicates that if a claim could have been brought in a prior action between the parties, then the claim "should have been" brought in the prior action. Other cases appear to take this same position. *See e.g., Mitchell v. Chapman*, 343 F.3d 811, 824 (6th Cir. 2003)(finding third element satisfied where plaintiff was aware of the facts giving rise to claim at issue during the prior proceeding and could have brought the claim in the prior proceeding).

In considering the third element in *Holder*, the Sixth Circuit stated that "[w]here the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Holder v. City of Cleveland*, 287 Fed.Appx. 468 (6th Cir. 2008); *see also Rawe, supra* (all of the causes of action "'arose from the same transaction, or series of transactions,' and therefore 'they should have been litigated in the earlier action.'")

Here, TolTest acknowledged at the hearing that it could have asserted its bid bond claim in the prior action:

> THE COURT: If TolTest had chosen to do so, it could have asserted its bid bond claims in case number 07-10950, correct?
>
> MR. KERGER: I believe so.

(3/25/09 Hearing Tr.).

In addition, the record confirms that TolTest was well aware of the facts giving rise to its claim under the bid bond at the time that Acme filed the prior proceeding. Indeed, TolTest was even aware of the amount of its claim under the bid bond. In its Rule 26 Disclosures in Case No. 07-10950, TolTest included, as damages it had incurred, the very same $75,867.45 that it later sought in this subsequent action. (*See* TolTest's Rule 26 Disclosures in Case No. 07-10950,

9

at ¶ 3; Compl. in this action, at ¶ 7, stating that "amount due is $75,867.45.").

Moreover, that the two actions "arose from the same series of transactions" is evidenced by the fact that both parties made allegations regarding the bidding process throughout Case No. 07-10950.[3]  For example, in its Motion for Summary Judgment, TolTest asserted, **"Regarding Subcontract No. 11000-04, Acme failed to honor its bid and enter into a contract."**  (Docket Entry No. 34, at 2, in Case No. 07-10950)(emphasis added). The facts that TolTest asserted, and deemed "material" for purposes of the parties' cross-motions for summary judgment in Case No. 07-10950, included facts relating to the bidding of Contract 11000-04 and allegations that Acme failed to enter into a contract in accordance with its bid:

### PHASE TWO: TRADE CONTRACT 11000-04

31.     On or about April 6, 2006, Whiting-Turner invited TolTest to bid on a separate groundwork, grading, and shoring phase of the Georgia Tech project.  (Aff. Cook, ¶ 4, Exhibit B.)

32.     TolTest and Acme again collaborated on bidding this second phase, though this time Acme would perform 100% of the work and TolTest would perform only a supervisory role.  (Doc. 30, Dep. Lint, p. 84, 88-89).

33.     On or about May 22, 2006, Acme submitted a bid to TolTest for $1,517,349 to perform the work and TolTest in turn submitted a bid to Whiting-Turner using Acme's bid.  (Doc. 30, Dep. Lint, p. 88; Aff. Cook, ¶5, Exhibit C.)

34.     Whiting-Turner accepted TolTest's bid and or about July 11, 2006, TolTest entered into a second subcontract with Whiting-Turner: Subcontract Number 11000-04 for "Grading and Site Utilities".  (Doc. 19, Aff. Martin, ¶ 5.)

---

[3]In addition, this action was reassigned to this Court because *TolTest* identified it as a companion case to the prior action.  (*i.e.*, the two cases are "matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.").

10

      35.     On August 2, 2006, TolTest submitted a Purchase Order to Acme but Acme did not sign the document or otherwise enter into an agreement with TolTest in accordance with its previous bid.  (Doc. 19, Aff. Martin, ¶ 5; Aff. Cook, ¶ 6, Exhibit D.)

(Docket Entry No. 33, at 6-7, in Case No. 07-10950).

The parties submitted Joint Exhibits at the bench trial in Case No. 07-10950.  Notably, "Exhibit No. 1" was the bid bond for the Grading & Shoring work  – the very document that forms the basis of this action.  In fact, each of the documents that TolTest's attached to its complaint in this action were joint exhibits at trial in Case No. 07-10950:

| Exhibits Attached to TolTest's Complaint In This Action: | Joint Exhibits in the Bench Trial in Case No. 07-10950: |
|---|---|
| August 8, 2006 letter to Acme from TolTest | Joint Exhibit No. 9 |
| April 25, 2006 Letter to TolTest from Acme | Joint Exhibit No. 3 |
| Bid Bond for Grading, Shoring and Site Utilities | Joint Exhibit No. 1 |
| May 22, 2006 Letter to TolTest from Acme | Joint Exhibit No. 39 |
| Purchase Order P001898 dated August 2, 2006 | Joint Exhibit No. 13 |

In addition, **it is undisputed that there was testimony actually offered at trial in Case No. 07-10950 as to the negotiations between the parties and the reasons why Acme did not enter into a contract with TolTest relative to Contract 11000-04.**  TolTest did not object to that testimony on relevance, or any other grounds.  Based on the testimony presented by the parties, this Court's factual findings included numerous findings relating to the parties' dealings relating to Contract 11000-04, including the bidding process and execution of contracts.  (Opinion & Order at *9-10).  Significantly, those factual findings include that "Acme did not sign [the] purchase order, however, because the ultimate contract that TolTest signed with Whiting-Turner, the '04-Contract,' had expanded the work that Acme would perform but did not provide for any increased compensation to Acme for that work."  (*Id*.).  In its Brief, TolTest

11

acknowledges that it "certainly does not dispute that the Court based its finding on testimony offered by Acme during trial." (TolTest's Br. at 9).

Accordingly, the Court finds that the two actions "arose from the same series of transactions" and that TolTest could have, and should have, brought its bid bond claim in the prior action. Thus, the Court concludes that this action is barred by res judicata.

To the extent that TolTest asserts that Acme and/or NAS waived the affirmative defense of res judicata,[4] the Court finds that position to be without merit.

Waiver is traditionally defined as the intentional relinquishment or abandonment of a known right. *D'Ambrosio v. Bagley*, 527 F.3d 489, 495 (6th Cir. 2008); *United States v. Olano*, 507 U.S. 725, 733 (1993).

NAS asserted res judicata as an affirmative defense in its first responsive pleading in this action. Thus, as of March 17, 2008, TolTest was on written notice that NAS was asserting res judicata as an affirmative defense, and was also asserting that "Plaintiff's action is barred because the claims contained in this action were required to be brought against the Principal, ACME Contracting as a compulsory counter-claim in a prior lawsuit, and such claims can be no longer maintained against the Principal or its surety." (Docket Entry No. 5). NAS also raised the defense of res judicata in its Motion for Summary Judgment, which it filed on July 21, 2008 – four months before the deadline for filing dispositive motions. In short, TolTest has not pointed to any actions or representations by NAS that could possibly be construed as a waiver of the defense of res judicata.

---

[4]At the March 25, 2009 hearing, TolTest asserted that res judicata should not apply because the parties agreed to take "the bid bond claims out of the case" in the prior action. (*See* 3/25/09 Hearing Tr.).

TolTest's attempt to construe Acme's actions in Case No. 07-10950 as establishing a waiver of the defense of res judicata fares no better.  Although TolTest was on notice on March 17, 2008, that the affirmative defense of res judicata was being asserted in this action, it proceeded to trial in Case No. 07-10950 a few months later without asserting its bid bond claim in Case No. 07-10950.  TolTest has not submitted sufficient evidence to establish that Acme waived the defense of res judicata.  To support its waiver argument, TolTest simply cites to statements made at the Final Pretrial Conference in Case No. 07-10950.  At the Final Pretrial Conference, Acme indicated that it intended to introduce the complaint in this action as an exhibit at trial in Case No. 07-10950, but TolTest objected.  While discussing pretrial matters and objections to exhibits, counsel for Acme stated that Acme would not seek to admit the challenged exhibit (i.e., the complaint in this action), provided that TolTest was not seeking a setoff of $75,000 in this action relating to the 04-Contract.  TolTest then stated that it was not seeking any setoff in Case No. 07-10950 relating to the nonperformance of the second contract (i.e. the 04-Contract).  Acme's counsel then withdrew the complaint as a proposed exhibit. Notably, however, Acme did not make any statements that could be construed as intentionally relinquishing the right to assert res judicata as an affirmative defense in any subsequent action to collect such damages.

C.   <u>Does Toltest's Failure To Assert Its Bid Bond Claim As A Compulsory Counterclaim In Case No. 07-10950 Bar TolTest From Raising It In Another Action?</u>

Additionally or alternatively, the Court concludes that TolTest was required to bring its claims on the bid bond as compulsory counterclaims in Case No. 07-10950.

Rule 13(a) of the Federal Rules of Civil Procedure governs compulsory counterclaims

13

and provides, in pertinent part, as follows:

> (a) Compulsory Counterclaims.
>> (1) In General.  A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:
>>> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>>> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

FED. R. CIV. P. 13(a).[5]

An opposing party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action.  *Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.*, 214 F.3d 770, 772 (6th Cir. 2000).  "This rule serves the desirable goal of bringing all claims arising out of the same transaction or occurrence before the court in a single action."  *Id*.  "At the same time, the rule is in some ways harsh because it forces parties to raise certain claims at the time and place chosen by their opponents, or to lose them."  *Id.*

Both parties acknowledge that, within the Sixth Circuit, the "logical relationship" test is applied in determining whether a claim is a compulsory counterclaim.  Under this test, the court determines whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims.  *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991).

Applying the logical relationship test here, the Court concludes that the bid bond claims

_____

[5]Rule 13(a) also provides two limited exceptions, including that the pleader need not state the claim as a compulsory counterclaim in the action if "when the action was commenced, the claim was the subject of another pending action."  FED. R. CIV. P. 13(a)(2)(a).  Toltest does not claim that either exception applies here.  Moreover, the undisputed facts reflect that Toltest did not commence any action on the bid bond until after Acme filed Case No. 07-10950.

14

in this action were compulsory counterclaims in Case No. 07-10950.

In Case No. 07-10950, Acme asserted various claims that called into question the parties'
negotiations surrounding both Contract 1100-01 and Contract 11000-04. The facts and the
evidence necessary to support a claim on the bid bond would involve the same issues of fact and
the same evidence as was presented in Case No. 07-10950. Indeed, TolTest acknowledges that,
to address the bid claims asserted in this action, the Court would need to "consider the
negotiations of the demolition contract and the reasons Acme refused to honor its bid."
(TolTest's Br. at 13).

As demonstrated by this Court's Opinion following the bench trial, which actually
reached[6] the reasons why Acme refused to honor its bid, the evidence necessary to resolve that
issue consists of the parties' documents and the testimony of the individuals who were involved
in the negotiations of Contract 11000-04. In sum, to litigate the bid bond claim in this action,
TolTest would present the testimony of the very same witnesses who testified in Case No. 07-
10950 (*i.e.*, Michael Bates, David McDonald, Wayne Lint, etc.) and would present the very same
documents that were presented in that action. (*See* chart, *infra*).

Accordingly, the Court concludes that TolTest's bid bond claims are compulsory
counterclaims that had to be raised in Case 07-10950.

II.   <u>TolTest's Motion To Amend Complaint</u>:

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be
freely given when justice so requires." A motion to amend, however, should be denied "if the

---

[6]*See Central West Virginia Energy Co. v. Wheeling-Pittsburgh Steel Corp.*, 245
Fed.Appx. 415, 425 (6th Cir. 2007).

15

amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

Here, TolTest asserts that it is seeking to assert its promissory estoppel claim against Acme based on "newly acquired" documents in this action. When asked to identify such documents, however, TolTest's counsel was unable to identify a single document that was newly acquired in this action. (*See* Tr. of 9/15/08 Hrg.). The Court does not believe that TolTest has established a reasonable basis for its delay in seeking to assert this claim against Acme.

More importantly, the Court concludes that amending the complaint in this action to include the proposed claim against Acme would be futile because that claim would be barred by the doctrine of res judicata, for the same reasons that TolTest's claims against NAS are barred. *See Emery v. City of Toledo*, 178 F.3d 1294, 1999 WL 196533 (6th Cir. 1999)(affirming trial court's denial of motion to amend where the claim that plaintiff sought to add would have been barred by the doctrine of res judicata.).[7]

## CONCLUSION & ORDER

For the reasons above, the Court concludes that TolTest's claims in this action are barred by res judicata, and that TolTest's claims are compulsory counterclaims that had to be raised in Case 07-10950. Accordingly, **IT IS ORDERED** that NAS's Motion for Summary Judgment is **GRANTED** and TolTest's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that TolTest's Motion to Amend is **DENIED** because the proposed amendment is futile.

---

[7]Indeed, at the March 25, 2009 hearing, counsel for TolTest agreed that if the Court concludes that the claims in this action are barred by res judicata, TolTest's proposed amended complaint should be denied as futile.

16

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

17